**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**LAWRENCE JAMES CLARDY**, Civil No. 01-1275 (MJD/JGL)

Plaintiff,

v.

**O R D E R**

**CITY OF ST. PAUL, et al.,**

Defendants.

---

APPEARANCES

Theresa Freeman, Esq. for Plaintiff

Portia Hampton-Flowers, Esq. for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge on May 10, 2004 on Defendants' Motion to Compel and for Sanctions (Doc. No. 82). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

On January 9, 2004, the District Court reopened discovery for 120 days so that Defendants could discover additional medical information regarding Plaintiff's alleged injuries. The 120-day extension of discovery has expired, and Defendants now ask for an additional 60 days, asserting that Plaintiff has failed to respond to their discovery requests. Plaintiff replies that

he has provided medical records and signed authorizations and that the requests are excessive and exceed the scope provided for in the Court's Order.

The Court first notes that the parties failed to meet and confer before Defendants brought this motion, which is a violation of D. Minn. LR 37.1. Although Defendants contend they attempted to discuss the unresolved issues with Plaintiff, Defendants concede they did not formally request a "meet and confer" as contemplated by the Rule. The parties are instructed that they must fully abide by Rule 37.1 before bringing any additional discovery disputes before the Court.

With respect to Defendants' Request for Supplementation to Discovery Responses, Plaintiff is ordered to supplement his responses to Interrogatories No. 7, 8, 9, 10, 12, 14, 15, 20, 21, and 23, insofar as the responses would contain or relate to medical evidence of Plaintiff's injuries. Plaintiff is further ordered to supplement his responses to Document Production Requests 2, 3, 5, 7, and 8, insofar as the documents would contain or relate to medical evidence of Plaintiff's injuries. Plaintiff must supplement his responses by May 31, 2004.

With respect to Defendants' Interrogatories, Set II, Plaintiff is ordered to provide complete responses to all interrogatories and subparts. These interrogatories requested information about expert witnesses expected to testify about Plaintiff's medical condition. Plaintiff did not object to the

interrogatories, but stated that much information was “Unknown at current time” or “This information is not in our files, but will be supplied if provided to us.” To the extent he has not provided all responsive information, Plaintiff is ordered to provide complete responses to the interrogatories by May 31, 2004. If Plaintiff fails to provide the information, he may be precluded from calling the witnesses at trial.

With respect to Defendants’ Request for Production of Documents, Set II, Plaintiff is ordered to provide complete responses to the request. The request seeks complete reports from any expert witness Plaintiff intends to call at trial. To the extent he has not provided all responsive information, Plaintiff is ordered to provide complete responses to the interrogatories by May 31, 2004. If Plaintiff fails to provide the information, he may be precluded from calling the witnesses at trial.

With respect to Defendants’ request for medical authorizations, the Court finds this request moot based on the parties’ representations at the hearing. However, Plaintiff is warned that he will be foreclosed from using at trial any evidence from medical providers for whom he has not provided authorizations. If Plaintiff remembers any additional providers, he must provide signed and completed authorizations for such providers by May 31, 2004.

Discovery is extended until July 12, 2004 so that Defendants may investigate Plaintiff's deposition responses, depose Plaintiff's expert witnesses, and obtain rebuttal experts. Defendants' request for an award of costs and fees for bringing this motion is denied based upon the failure to formally meet and confer. Defendants' request for the exclusion of evidence is denied at this time; this request should be brought before the District Court if Plaintiff fails to comply with this Order.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel and for Sanctions (Doc. No. 82) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: May 10, 2004

s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge